## McFadden et al. v. Farmers State Bank of London, Ky., et al.

June 2, 1939.

H. C. Clay & Sons for appellants.

A. T. W. Manning, J. E. Walden, J. K. Lewis and William Lewis & Son for appellees.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment of the Laurel Circuit Court sitting in equity in four consolidated suits involving the estate of John F. McFadden, deceased. The deceased had executed over a period of years, either as principal or as surety, about ten notes, running in amount from $45 to $250 to the appellees, the Farmers State Bank and the National Bank of London. The total of the face value of all the notes is $1,160 and it is admitted by appellants that none of them has been paid. Appellees brought four separate suits on the notes and, amongst other things, asked that two deeds made by the deceased to his daughters, Fannie McFadden and Bertha McFadden Howard, be set aside as fraudulent. A number, if not all, of the heirs of John McFadden were made defendants. The only persons who made a defense however were the appellants, Fannie McFadden and Bertha McFadden Howard; and they, with the appellant Scott McFadden, are the only parties who are here complaining of the judgment. A considerable amount of proof was taken and the court determined that the appellees were entitled to a judg-

ment and to a lien on the remaining portion of the property after setting aside a homestead to Fannie McFadden and Bertha McFadden Howard. The court appointed commissioners to go on the property for the purpose of making the allotment and also to survey the entire tract. The commissioners made a survey and allotment and reported thereon to the court. Appellants filed exceptions to this report which were overruled. This appeal followed.

Appellants, in their brief, say that one of the questions for determination is the amount of indebtedness sued on that was owing by John F. McFadden at the time of his death. They nowhere, however, point out wherein there is any question concerning the amount of the indebtedness, but, on the contrary, list each of the notes and state that none of them was ever paid.

They likewise argue that the court erred in admitting certain testimony to which they filed exceptions. An examination of the judgment however shows that the court actually sustained the exceptions and did not overrule them as appellants state. There was ample evidence to sustain the judgment even with the incompetent testimony eliminated.

It is next argued that the value of the property alloted as a homestead is less than $1,000 and that the commissioners erroneously fixed the value of the property as of the date of the survey rather than as of the date of the deed to them from their father. There was competent evidence to support the commissioners' conclusion in addition to the fact that they went upon the land and saw it for themselves and there was also competent evidence to the effect that there was no material difference in the value of the land between the time when the deed was made and the time when the commissioners allotted the homestead. As a matter of fact, all of the disinterested evidence points to the correctness of the valuation fixed by the commissioners.

Finally, it is argued that there is an outstanding mortgage of $150 against the homestead. The mortgagee under this alleged mortgage is not before the court and nothing that we might say here can affect her rights. The chancellor adjudged that this mortgage was invalid and possibly it is. However the mortgagee is entitled to be heard on this question and the court should give her an opportunity to present her claim be-

fore permitting the distribution of any proceeds of sale of the property under appellees' lien. Prima facie, her claim is a charge against the property outside the homestead and she should be allowed to assert it. It follows, however, that, since this mortgage—if it exists—is primarily a charge against the land under appellees' lien and not against the homestead, the action of the chancellor in this particular has not prejudiced appellants' rights and in fact does not affect their situation. So far as they are concerned the judgment is correct.

Judgment affirmed.